UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BROWN & BROWN, LLP, | ) |
| Plaintiff, | ) CIVIL ACTION NO.: 05-11016-NMG |
| v. | ) |
| BARTON CRAIG, and LEFKOWITZ GARFINKEL, CHAMPI & DERIENZO, P.C., | ) |
| Defendants. | ) |

**DEFENDANT LEFKOWITZ, GARFINKEL, CHAMPI & DERIENZO, P.C.'S ANSWER AND DEFENSES TO COMPLAINT**

FIRST DEFENSE

The Complaint fails to state a claim for which relief can be granted.

SECOND DEFENSE

ANSWER

Defendant Lefkowitz, Garfinkel, Champi & DeRienzo, P.C. ("LGC&D") hereby responds to Plaintiff's Complaint as follows:

1. Defendant LGC&D admits the allegations contained in paragraph 1 of the Complaint.

2. Defendant LGC&D acknowledges and admits that Defendant Barton Craig ("Defendant Craig") is a party to a certain employment agreement with Plaintiff ("Employment Agreement"), which Employment Agreement was attached to Plaintiff's Complaint as Exhibit A. Defendant LGC&D avers that the Employment Agreement speaks for itself and denies Plaintiff's characterization of the provisions of the Employment Agreement. Defendant LGC&D is without

knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint.

3. Defendant LGC&D admits that Defendant Craig resigned from Plaintiff in July 2004 and commenced employment with Defendant LGC&D shortly thereafter. Defendant LGC&D denies the remaining allegations contained in paragraph 3 of the Complaint.

4. Defendant LGC&D admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant LGC&D admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant LGC&D admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Defendant LGC&D admits the allegations contained in paragraph 14 of the Complaint.

15. Defendant LGC&D admits that B&B provided accounting services to Granite Telecom from its inception. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint.

16. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Defendant LGC&D acknowledges and admits that Defendant Craig is a party to the Employment Agreement. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Complaint.

19. Defendant LGC&D admits the allegations contained in paragraph 19 of the Complaint.

20. Defendant LGC&D responds that the allegations of paragraph 20 of the Complaint purport to characterize and/or quote provisions of the Employment Agreement and that said Employment Agreement speaks for itself.

21. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. Defendant LGC&D admits that Defendant Craig resigned from Plaintiff on or about July 23, 2004 and commenced employment with Defendant LGC&D shortly thereafter. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 of the Complaint.

27. Defendant LGC&D denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29. Defendant LGC&D admits that it did submit a proposal to Granite Telecom and that Defendant Craig did provide some input for the proposal.  Defendant LGC&D denies that Defendant Craig presented the proposal to Granite Telecom and denies that Defendant Craig discussed the proposal with Granite Telecom.

30. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegation that Plaintiff submitted a proposal to Granite Telecom.

Defendant LGC&D admits that shortly after submitting its proposal to Granite Telecom Defendant LGC&D did commence rendering services to Granite Telecom.

31.  Defendant LGC&D denies the allegations contained in paragraph 31 of the Complaint.

32.  Defendant LGC&D denies the allegations contained in paragraph 32 of the Complaint.

33.  Defendant LGC&D admits that it was aware that Defendant Craig was a party to the Employment Agreement.  Defendant LGC&D denies the remaining allegations contained in paragraph 33 of the Complaint.

34.  Defendant LGC&D denies the allegations contained in paragraph 34 of the Complaint.

35.  Defendant LGC&D admits that it and Defendant Craig continue to render services to Granite Telecom.  Defendant LGC&D denies the remaining allegations contained in paragraph 35 of the Complaint.

36.  Defendant LGC&D responds that the allegations of paragraph 36 of the Complaint purport to characterize and/or quote provisions of the Employment Agreement and that said Employment Agreement speaks for itself.

## COUNT I

37.  Defendant LGC&D incorporates paragraphs one (1) through thirty-six (36) above as if fully set forth and realleged herein.

38.  Defendant LGC&D responds that the allegations of paragraph 38 of the Complaint purport to characterize and/or quote provisions of the Employment Agreement and that said Employment Agreement speaks for itself.

39. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40. Defendant LGC&D denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant LGC&D denies the allegations contained in paragraph 41 of the Complaint.

## COUNT II

42. Defendant LGC&D incorporates paragraphs one (1) through forty-one (41) above as if fully set forth and realleged herein.

43. Defendant LGC&D admits the allegations contained in paragraph 43 of the Complaint.

44. Defendant LGC&D denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant LGC&D denies the allegations contained in paragraph 45 of the Complaint.

## COUNT III

46. Defendant LGC&D incorporates paragraphs one (1) through forty-six (46) above as if fully set forth and realleged herein.

47. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint.

48. Defendant LGC&D denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant LGC&D denies the allegations contained in paragraph 49 of the

Complaint.

50. Defendant LGC&D denies the allegations contained in paragraph 50 of the Complaint.

51. Defendant LGC&D denies the allegations contained in paragraph 51 of the Complaint.

## COUNT IV

52. Defendant LGC&D incorporates paragraphs one (1) through fifty-one (51) above as if fully set forth and realleged herein.

53. Defendant LGC&D responds that the allegations of paragraph 53 of the Complaint purport to characterize and/or quote provisions of the Employment Agreement and that said Employment Agreement speaks for itself.

54. Defendant LGC&D denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant LGC&D denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant LGC&D denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant LGC&D denies the allegations contained in paragraph 57 of the Complaint.

## COUNT IV

58. Defendant LGC&D incorporates paragraphs one (1) through fifty-seven (57) above as if fully set forth and realleged herein.

59. Defendant LGC&D is without knowledge and/or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint.

61. Defendant LGC&D denies the allegations contained in paragraph 61 of the Complaint.

62. Defendant LGC&D denies the allegations contained in paragraph 62 of the Complaint.

63. Defendant LGC&D denies the allegations contained in paragraph 63 of the Complaint.

64. Defendant LGC&D denies the allegations contained in paragraph 64 of the Complaint.

WHEREFORE, Defendant LGC&D requests that judgment be entered in favor of Defendant LGC&D and against the Plaintiff, awarding Defendant LGC&D its costs and attorneys' fees incurred in this action as allowed by law, and such other relief as this Court may deem meet and just.

Respectfully submitted,

LEFKOWITZ, GARFINKEL, CHAMPI & DERIENZO, P.C.

By its attorneys,

    /s/ Robert M. Gault
Robert M. Gault, BBO #187240
Mintz, Levin, Cohn, Ferris, Glovsky,
 and Popeo, P.C.
One Financial Center
Boston, MA  02111
(617) 542-6000

Dated: May 27, 2005

8

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 27th day of May, 2005, I caused the foregoing Answer to be served by first class mail upon counsel for Plaintiff Brown & Brown, LLP at the following address:

  Patrick J. Bannon, Esq.
  Gadsby Hannah LLP
  225 Franklin Street
  Boston, MA 02110

  I further certify that on this 27th day of May, 2005, I caused the foregoing Answer to be served by first class mail upon counsel for Defendant Barton Craig at the following address:

  Michael W. Carroll, Esq.
  72 Pine Street
  Providence, Rhode Island 02903

             /s/ Robert M. Gault
            Robert M. Gault, BBO# 187240

LIT 1522361v1