UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BROWN & BROWN, LLP,
    Plaintiff

v.

BARTON CRAIG, and LEFKOWITZ,
GARFINKEL, CHAMPI & DERIENZO,
P.C.,
    Defendants

Civil Action No. 05-cv-11016-NMG

## ANSWER OF DEFENDANT BARTON CRAIG

Defendant Barton L. Craig, ("Craig") hereby answers and responds to the Complaint filed by Plaintiff Brown & Brown, LLP ("Brown & Brown") as follows:

### INTRODUCTION

1. Admitted.

2. Answering the allegations of the first sentence of Paragraph 2 of the Complaint, Craig states that the allegations refer to a document, the terms of which speak for themselves, and Craig denies such allegations to the extent that they exceed, mischaracterize or misstate the contents of such document, and further denies the remaining allegations of the first sentence. Answering the allegations of the second sentence of Paragraph 2, Craig admits that Brown & Brown introduced him to clients and encouraged him to develop strong relationships with clients and denies the remaining allegations of the sentence.

1

3. Craig admits that he resigned from Brown & Brown and began working for Defendant Lefkowitz, Garfinkel, Champi & DeRienzo, P.C., ("LGC & D") in July of 2004, and denies the remaining allegations of Paragraph 3 of the Complaint.

4. Admitted.

5. Craig admits the allegations of the first and second sentences of Paragraph 5. Answering the allegations of the third sentence of Paragraph 5, Craig admits that he now works for LGC & D in Providence, Rhode Island, and that he provides services for Massachusetts clients, and denies the remaining allegations of the third sentence.

6. Craig admits the allegations of the first sentence of Paragraph 6. Answering the allegations of the second sentence of Paragraph 6, Craig admits that LGC & D provides services for clients that are located throughout New England, including Massachusetts, and denies the remaining allegations of the second sentence.

7. Craig admits that Brown & Brown is an accounting firm with two offices and provides auditing, tax and consulting services. Craig lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 of the Complaint, and therefore denies the same.

8. On information and belief, admitted.

9. On information and belief, admitted.

10. Craig lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint, and therefore denies the same.

11. Denied.

12. On information and belief, admitted.

13. On information and belief, admitted.

14. Admitted.

15. Admitted.

16. Craig lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint, and therefore denies the same.

17. Craig admits the allegations of the first sentence of Paragraph 17 of the Complaint. Answering the allegations of the second sentence of Paragraph 17 of the Complaint, Craig states that when he was hired, he was told that he would start as tax supervisor and be promoted to tax manager within a few months.

18. Craig lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of paragraph 18 of the Complaint, and therefore denies the same. Answering the allegations of the third sentence of Paragraph 18 of the Complaint, Craig admits that in February 2002 he signed a document entitled "Employment Agreement" that purported to be effective as of January 1, 2002, and denies the remaining allegations of Paragraph 18.

19. Answering the allegations of the first sentence of Paragraph 19 of the Complaint, Craig states that the allegations refer to a document, the terms of which speak for themselves, and Craig denies such allegations to the extent that they exceed, mischaracterize

or misstate the contents of such document, and further denies the remaining allegations of the first sentence. Answering the allegations of the second sentence of Paragraph 19, Craig admits that a copy of the Employment Agreement referenced in the Complaint is attached thereto.

20. Answering the allegations of Paragraph 20 of the Complaint, Craig states that the allegations refer to a document, the terms of which speak for themselves, and Craig denies such allegations to the extent that they exceed, mischaracterize or misstate the contents of such document, and further denies the remaining allegations of Paragraph 20 of the Complaint.

21. Answering the allegations of Paragraph 21 of the Complaint, Craig admits that Brown & Brown introduced him to clients and encouraged him to develop and maintain strong relationships with clients, and denies the remaining allegations of Paragraph 21 of the Complaint.

22. Admitted.

23. Answering the allegations of the first sentence of Paragraph 23 of the Complaint, Craig states that Granite Telecom did not exist in 2000, and denies the remaining allegations of the first sentence of Paragraph 23. Craig admits the allegations of the second and third sentences of Paragraph 23.

24. Answering the allegations of Paragraph 24 of the Complaint, Craig admits that he had access to some information regarding Brown & Brown's business practices, but denies

that all such information was confidential and proprietary, and denies the remaining allegations of Paragraph 24.

25. Craig admits Brown & Brown required him to enter into a written agreement, and further that access to certain computer programs required passwords. Craig lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25 of the Complaint, and therefore denies the same.

26. Craig admits that he voluntarily resigned from Brown & Brown on or about July 23, 2004 and began working for LGC & D. Craig lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26 of the Complaint, and therefore denies the same.

27. Denied.

28. Craig lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 28 of the Complaint, and therefore denies the same. On information and belief, Craig admits the allegations of the second sentence.

29. Answering the allegations of Paragraph 29 of the Complaint, Craig admits that LGC & D and Brown & Brown submitted bids to Granite telecom, and states that, while he provided input, he did not prepare or present LGC & D's proposal, and denies that he discussed the proposal with Granite Telecom.

30. On information and belief, admitted.

31. Denied.

32. Denied.

33. Answering the allegations of Paragraph 33 of the Complaint, Craig admits that LGC & D knew that Craig had an employment agreement with Brown & Brown, and denies the remaining allegations of Paragraph 33.

34. Denied.

35. Answering the allegations of Paragraph 35 of the Complaint, Craig admits that he and his employer, LGC & D, provide services for Granite Telecom, and denies the remaining allegations of Paragraph 35 of the Complaint.

36. Answering the allegations of Paragraph 36 of the Complaint, Craig states that the allegations refer to a document, the terms of which speak for themselves, and Craig denies such allegations to the extent that they exceed, mischaracterize or misstate the contents of such document, and further denies the remaining allegations of Paragraph 36 of the Complaint.

## COUNT I

37. Craig restates his responses to the allegations contained in the preceding paragraphs as if fully set forth herein.

38. Answering the allegations of Paragraph 38 of the Complaint, Craig states that the allegations refer to a document, the terms of which speak for themselves, and Craig denies such allegations to the extent that they exceed, mischaracterize or misstate the contents of

such document, and further denies the remaining allegations of Paragraph 38 of the Complaint.

39. Denied.

40. Denied.

41. Denied.

## COUNT II

42. Craig restates his responses to the allegations contained in the preceding paragraphs as if fully set forth herein.

43. Admitted.

44. Denied.

45. Denied.

## COUNT III

46. Craig restates his responses to the allegations contained in the preceding paragraphs as if fully set forth herein.

47. Admitted.

48. Craig admits that he knew that Brown & Brown had contractual and/or advantageous relations with its clients and Craig lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 48 of the complaint, and therefore denies the same.

49. Denied.

50. Denied.

51. Denied.

## COUNT IV

52. Craig restates his responses to the allegations contained in the preceding paragraphs as if fully set forth herein.

53. Paragraph 53 of the Complaint contains allegations not directed at Craig and to which no response is required. To the extent that a response is required, Craig denies the allegations of Paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint contains allegations not directed at Craig and to which no response is required. To the extent that a response is required, Craig denies the allegations of Paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint contains allegations not directed at Craig and to which no response is required. To the extent that a response is required, Craig denies the allegations of Paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint contains allegations not directed at Craig and to which no response is required. To the extent that a response is required, Craig denies the allegations of Paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint contains allegations not directed at Craig and to which no response is required. To the extent that a response is required, Craig denies the allegations of Paragraph 57 of the Complaint.

## COUNT V

58. Craig restates his responses to the allegations contained in the preceding paragraphs as if fully set forth herein.

59. Paragraph 59 of the Complaint contains allegations not directed at Craig and to which no response is required. To the extent that a response is required, admitted.

60. Paragraph 60 of the Complaint contains allegations not directed at Craig and to which no response is required. To the extent that a response is required, admitted.

61. Paragraph 61 of the Complaint contains allegations not directed at Craig and to which no response is required. To the extent that a response is required, Craig states that, as an employee of LGC & D, he provides services for Granite Telecom, and denies the remaining allegations of Paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint contains allegations not directed at Craig and to which no response is required. To the extent that a response is required, Craig denies the allegations of Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint contains allegations not directed at Craig and to which no response is required. To the extent that a response is required, Craig denies the allegations of Paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint contains allegations not directed at Craig and to which no response is required. To the extent that a response is required, Craig denies the allegations of Paragraph 64 of the Complaint.

### First Affirmative Defense

Plaintiff has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by a failure of consideration.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's breach of contract.

WHEREFORE, Barton Craig respectfully requests that this Court:

1. Dismiss all counts of the Complaint;

2. Award him his reasonable attorneys' fees, costs and expenses incurred in defending this action; and

3. Grant to him such further relief as is just, warranted and reasonable under the circumstances.

Respectfully Submitted,
Defendant Barton Craig,
By his attorney,

*/s/ Michael W. Carroll*
Michael W. Carroll BBO # 563653
72 Pine Street
Providence, RI 02903
401 454-4900 (Tel.)
401 454-4902 (Fax)

**Defendant demands a trial by jury on all issues so triable.**

DATED: May 27, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of May, 2005, I caused the within ANSWER to be served via First Class Mail, Postage prepaid, upon the following counsel of Record:

Patrick J. Bannon, Esq.  
Gadsby Hannah LLP  
225 Franklin St.  
Boston, MA 02110

Robert M. Gault, Esq.  
Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C.  
One Financial Center  
Boston, MA 02111

*[signature]*