UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BROWN & BROWN, LLP, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 05-cv-11016-NMG |
| ) | |
| v. ) | |
| ) | |
| BARTON CRAIG, and LEFKOWITZ, ) | |
| GARFINKEL, CHAMPI & DERIENZO, ) | |
| P.C., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT LEFKOWITZ, GARFINKEL, CHAMPI & DERIENZO P.C.'S MOTION TO AMEND ANSWER

Defendants move the Court for leave to amend their Answer in the form attached hereto pursuant to F.R.C.P. Rule 15. A Memorandum accompanies this Motion.

LEFKOWITZ, GARFINKEL, CHAMPI &
DERIENZO, P.C.

By its Attorneys,

/s/ Richard W. MacAdams

RICHARD W. MacADAMS, #1681
DENNIS R. GANNON, BBO#184460
MacADAMS & WIECK INCORPORATED
101 Dyer Street, Suite 400
Providence, RI 02903
Telephone (401) 454-8700
Facsimile (401) 454-8755
Date: September 28, 2005

## CERTIFICATION

I hereby certify that a true and accurate copy of the within was mailed to Patrick I. Bannon, Esq. and Berin Sultan Romagnolo, Esq., Gadsby Hannah LLP, 225 Franklin Street, Boston, MA 02110, and to Michael W. Carroll, Esq., 75 Pine Street, Providence, RI 02903 on this 28th day of September, 2005.

*Valerie J Burrus*

| BROWN & BROWN, LLP, | : |
| Plaintiff | : |
| | : |
| v. | : C.A. No: 05- |
| | : |
| BARTON CRAIG, and LEFKOWITZ, | : |
| GARFINKEL, CHAMPI & DERIENZO, P.C., | : |
| Defendants. | : |

## DEFENDANT LEFKOWITZ, GARFINKEL, CHAMPI & DeRIENZO, P.C.'S ANSWER AND DEFENSES TO COMPLAINT

### FIRST DEFENSE

The Complaint fails to state a claim for which relief can be granted.

### SECOND DEFENSE

### ANSWER

Defendant Lefkowitz, Garfinkel, Champi & DeRienzo, P.C. ("LGC&D") hereby responds to Plaintiff's Complaint as follows:

1. Defendant LGC&D admits the allegations contained in paragraph 1 of the Complaint.

2. Defendant LGC&D acknowledges and admits that Defendant Barton Craig ("Defendant Craig") is a party to a certain employment agreement with Plaintiff ("Employmen Agreement"), which Employment Agreement was attached to Plaintiff's Complaint as Exhibit Defendant LGC&D avers that the Employment Agreement speaks for itself and denies Plaintif characterization of the provisions of the Employment Agreement. Defendant LGC&D is witho knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint.

3. Defendant LGC&D admits that Defendant Craig resigned from Plaintiff in Jul 2004 and commenced employment with Defendant LGC&D shortly thereafter. Defendant LGC&D denies the remaining allegations contained in paragraph 3 of the Complaint.

4. Defendant LGC&D admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant LGC&D admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant LGC&D admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Defendant LGC&D admits the allegations contained in paragraph 14 of the Complaint.

15. Defendant LGC&D admits that B&B provided accounting services to Granite Telecom from its inception. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint.

16. Defendant LGC&D is without knowledge and/or information sufficient to form belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Defendant LGC&D is without knowledge and/or information sufficient to form belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Defendant LGC&D acknowledges and admits that Defendant Craig is a party to the Employment Agreement. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint.

19. Defendant LGC&D admits the allegations contained in paragraph 19 of the Complaint.

20. Defendant LGC&D responds that the allegations of paragraph 20 of the Complaint purport to characterize and/or quote provisions of the Employment Agreement and that said Employment Agreement speaks for itself.

21. Defendant LGC&D is without knowledge and/or information sufficient to form belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Defendant LGC&D is without knowledge and/or information sufficient to form belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Defendant LGC&D is without knowledge and/or information sufficient to form belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Defendant LGC&D is without knowledge and/or information sufficient to form belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Defendant LGC&D is without knowledge and/or information sufficient to form belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. Defendant LGC&D admits that Defendant Craig resigned from Plaintiff on or about July 23, 2004 and commenced employment with Defendant LGC&D shortly thereafter. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 26 of the Complaint.

27. Defendant LGC&D denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant LGC&D is without knowledge and/or information sufficient to form belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29. Defendant LGC&D admits that it did submit a proposal to Granite Telecom and that Defendant Craig did provide some input for the proposal. Defendant LGC&D denies that Defendant Craig presented the proposal to Granite Telecom and denies that Defendant Craig discussed the proposal with Granite Telecom.

30. Defendant LGC&D is without knowledge and/or information sufficient to form belief as to the truth of the allegation that Plaintiff submitted a proposal to Granite Telecom. Defendant LGC&D admits that shortly after submitting its proposal to Granite Telecom Defendant LGC&D did commence rendering services to Granite Telecom.

31. Defendant LGC&D denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant LGC&D denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant LGC&D became aware that Craig had an *Employment Agreement* with B&B in an e-mail to Barton Craig from Michael Brown dated on or about December 5, 2005. LGC&D did not receive a copy of said *Employment Agreement* until some time after that date. Defendant denies the remaining allegations contained in paragraph 33 of the Complaint.

34. Defendant LGC&D denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant LGC&D admits that it and Defendant Craig continue to render services to Granite Telecom. Defendant LGC&D denies the remaining allegations contained in paragraph 35 of the Complaint.

36. Defendant LGC&D responds that the allegations of paragraph 36 of the Complaint purport to characterize and/or quote provisions of the Employment Agreement and that said Employment Agreement speaks for itself.

## COUNT I

37. Defendant LGC&D incorporates paragraphs one (1) through thirty-six (36) above as if fully set forth and realleged herein.

38. Defendant LGC&D responds that the allegations of paragraph 38 of the Complaint purport to characterize and/or quote provisions of the Employment Agreement and that said Employment Agreement speaks for itself.

39. Defendant LGC&D is without knowledge and/or information sufficient to form belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40. Defendant LGC&D denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant LGC&D denies the allegations contained in paragraph 41 of the Complaint.

## COUNT II

42. Defendant LGC&D incorporates paragraphs one (1) through forty-one (41) above as if fully set forth and realleged herein.

43. Defendant LGC&D admits the allegations contained in paragraph 43 of the Complaint.

44. Defendant LGC&D denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant LGC&D denies the allegations contained in paragraph 45 of the Complaint.

## COUNT III

46. Defendant LGC&D incorporates paragraphs one (1) through forty-six (46) above as if fully set forth and realleged herein.

47. Defendant LGC&D is without knowledge and/or information sufficient to form belief as to the truth of the allegations contained in paragraph 47 of the Complaint.

48. Defendant LGC&D denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant LGC&D denies the allegations contained in paragraph 49 of the

Complaint.

50. Defendant LGC&D denies the allegations contained in paragraph 50 of the Complaint.

51. Defendant LGC&D denies the allegations contained in paragraph 51 of the Complaint.

## COUNT IV

52. Defendant LGC&D incorporates paragraphs one (1) through fifty-one (51) above as if fully set forth and realleged herein.

53. Defendant LGC&D responds that the allegations of paragraph 53 of the Complaint purport to characterize and/or quote provisions of the Employment Agreement and that said Employment Agreement speaks for itself.

54. Defendant LGC&D denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant LGC&D denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant LGC&D denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant LGC&D denies the allegations contained in paragraph 57 of the Complaint.

## COUNT IV

58. Defendant LGC&D incorporates paragraphs one (1) through fifty-seven (57) above as if fully set forth and realleged herein.

59. Defendant LGC&D is without knowledge and/or information sufficient to form

belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60.  Defendant LGC&D is without knowledge and/or information sufficient to form belief as to the truth of the allegations contained in paragraph 60 of the Complaint.

61.  Defendant LGC&D denies the allegations contained in paragraph 61 of the Complaint.

62.  Defendant LGC&D denies the allegations contained in paragraph 62 of the Complaint.

63.  Defendant LGC&D denies the allegations contained in paragraph 63 of the Complaint.

64.  Defendant LGC&D denies the allegations contained in paragraph 64 of the Complaint.

WHEREFORE, Defendant LGC&D requests that judgment be entered in favor of Defendant LGC&D and against the Plaintiff, awarding Defendant LGC&D its costs and attorneys' fees incurred in this action as allowed by law, and such other relief as this Court may deem meet and just.

By its Attorneys,

_____
RICHARD W. MacADAMS, #1681
DENNIS R. GANNON, BBO#184460
MacADAMS & WIECK INCORPORATED
101 Dyer Street, Suite 400
Providence, RI 02903
Telephone (401) 454-8700
Facsimile (401) 454-8755
Date: _____, 2005

## CERTIFICATION

     I hereby certify that on the ____ day of _____, 2005 I sent a true and accurate copy of the within Answer to Complaint to Patrick J. Bannon, Esq. and Berin Sultan Romagnolo, Esq., Gadsby Hannah LLP, 225 Franklin Street, Boston, MA 02110.

                                                                                 _____

amended answer to complaint (draft 9-27-05)