UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BROWN & BROWN, LLP, | ) |
| Plaintiff, | ) CIVIL ACTION NO. 05-cv-11016-NMG |
| v. | ) |
| BARTON CRAIG, and LEFKOWITZ, GARFINKEL, CHAMPI & DERIENZO, P.C., | ) |
| Defendants. | ) |

### DEFENDANT LEFKOWITZ, GARFINKEL, CHAMPI & DERIENZO P.C.'S MEMORANDUM IN SUPPORT OF MOTION TO AMEND ANSWER

### I. Facts and Travel

Defendant Garfinkel, Champi & DeRienzo P.C. ("LGC&D") has moved the Court leave to amend its *Answer* to Plaintiff's *Complaint* in the form attached to its *Motion* pursuan F.R.C.P. Rule 15. Defendants filed their *Answer* to Plaintiff's *Complaint* on or ab _____.

¶33 of Plaintiff's *Complaint* reads:

"33. LGC&D knew that Craig had a contractual obligation not to solicit or divert any clients from B&B for two years after the end of his employment. Nevertheless, LGC&D authorized, encouraged and instructed Craig to solicit, attempt to influence and influence Granite Telecom to use LGC&D's services rather than B&B's services."

Defendant's response to ¶33 of Plaintiff's *Complaint* as set forth in its original *Ans* reads:

33. Defendant LGC&D admits that it was aware that Defendant Craig was a party to t Employment Agreement. Defendant LGC&D denies the remaining allegations contai in paragraph 33 of the Complaint.

LGC&D's proposed *Amended Answer* to ¶33 of Plaintiff's *Complaint* reads:

> 33. Defendant LGC&D became aware that Craig had an *Employment Agreement* with B&B in an e-mail to Barton Craig from Michael Brown dated on or about December 2005. LGC&D did not receive a copy of said *Employment Agreement* until some time after that date. Defendant denies the remaining allegations contained in paragraph 33 of the Complaint.

Because no timeframe is referenced in ¶33 of Plaintiff's *Complaint*, Defendant's original response was intended to connote that LGC&D did have an awareness of the existence of the *Employment Agreement* at a point in time. By its proposed amendment, Defendant seeks to make clear that Defendant first became aware of the existence and terms of the *Employment Agreement* between Plaintiff and Barton Craig at a point in time on or about the date of the e-mail from Michael Brown.

## II. Argument

F.R.C.P. 15 states that:

"(a) AMENDMENTS. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise <u>a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.</u> A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."

[Emphasis Added]

While leave to amend a pleading is within the sound discretion of the Court, the Courts have adopted a liberal rule permitting amendment "where justice requires." *Wilson v. Ment*, 294 F.3d 1, 7 n.16 (1st Cir. 2002); *Mills v. Maine*, 118 F.3d 37, 53 (1st Cir. 1997); *USM Corp. v. GKN Fasteners Ltd.*, 578 F.2d 21, 23 (1st Cir. 1978). In the present instance, the amendment is made early in the case and is for the purpose of clarifying LGC&D's original response consistent with the facts known to it.

### III. Conclusion

For the foregoing reasons, Defendant requests that its *Motion to Amend* be granted.

> LEFKOWITZ, GARFINKEL, CHAMPI &
> DERIENZO, P.C.
>
> By its Attorneys,
>
> *[signature]*
>
> RICHARD W. MacADAMS, #1681
> DENNIS R. GANNON, BBO#184460
> MacADAMS & WIECK INCORPORATED
> 101 Dyer Street, Suite 400
> Providence, RI 02903
> Telephone (401) 454-8700
> Facsimile (401) 454-8755
> Date: September 28, 2005

### CERTIFICATION

I hereby certify that a true and accurate copy of the within was mailed to Patrick Bannon, Esq. and Berin Sultan Romagnolo, Esq., Gadsby Hannah LLP, 225 Franklin St., Boston, MA 02110, and to Michael W. Carroll, Esq., 75 Pine Street, Providence, RI 02903 on this 28th day of September, 2005.

*[signature: Valerie J. Burrus]*

defendant's motion to amend answer 9-14-05