| | |
|---|---|
| BROWN & BROWN, LLP, <br>            Plaintiff | : <br> : <br> : |
| v. | :    C.A. No: 05-11016-NMG <br> : |
| BARTON CRAIG, and LEFKOWITZ, <br> GARFINKEL, CHAMPI & DERIENZO, P.C., <br>            Defendants. | : <br> : <br> : |

## DEFENDANT LEFKOWITZ, GARFINKEL, CHAMPI & DeRIENZO, P.C.'S ANSWER AND DEFENSES TO COMPLAINT

### FIRST DEFENSE

The Complaint fails to state a claim for which relief can be granted.

### SECOND DEFENSE

### ANSWER

Defendant Lefkowitz, Garfinkel, Champi & DeRienzo, P.C. ("LGC&D") hereby responds to Plaintiff's Complaint as follows:

1.   Defendant LGC&D admits the allegations contained in paragraph 1 of the Complaint.

2.   Defendant LGC&D acknowledges and admits that Defendant Barton Craig ("Defendant Craig") is a party to a certain employment agreement with Plaintiff ("Employment Agreement"), which Employment Agreement was attached to Plaintiff's Complaint as Exhibit A. Defendant LGC&D avers that the Employment Agreement speaks for itself and denies Plaintiff's characterization of the provisions of the Employment Agreement. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint.

3.   Defendant LGC&D admits that Defendant Craig resigned from Plaintiff in July

2004 and commenced employment with Defendant LGC&D shortly thereafter. Defendant LGC&D denies the remaining allegations contained in paragraph 3 of the Complaint.

4.     Defendant LGC&D admits the allegations contained in paragraph 4 of the Complaint.

5.     Defendant LGC&D admits the allegations contained in paragraph 5 of the Complaint.

6.     Defendant LGC&D admits the allegations contained in paragraph 6 of the Complaint.

7.     Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8.     Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.     Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.    Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11.    Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12.    Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.    Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Defendant LGC&D admits the allegations contained in paragraph 14 of the Complaint.

15. Defendant LGC&D admits that B&B provided accounting services to Granite Telecom from its inception. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint.

16. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Defendant LGC&D acknowledges and admits that Defendant Craig is a party to the Employment Agreement. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Complaint.

19. Defendant LGC&D admits the allegations contained in paragraph 19 of the Complaint.

20. Defendant LGC&D responds that the allegations of paragraph 20 of the Complaint purport to characterize and/or quote provisions of the Employment Agreement and that said Employment Agreement speaks for itself.

21. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. Defendant LGC&D admits that Defendant Craig resigned from Plaintiff on or about July 23, 2004 and commenced employment with Defendant LGC&D shortly thereafter. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 of the Complaint.

27. Defendant LGC&D denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29. Defendant LGC&D admits that it did submit a proposal to Granite Telecom and that Defendant Craig did provide some input for the proposal. Defendant LGC&D denies that Defendant Craig presented the proposal to Granite Telecom and denies that Defendant Craig discussed the proposal with Granite Telecom.

30. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegation that Plaintiff submitted a proposal to Granite Telecom. Defendant LGC&D admits that shortly after submitting its proposal to Granite Telecom Defendant LGC&D did commence rendering services to Granite Telecom.

31. Defendant LGC&D denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant LGC&D denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant LGC&D became aware that Craig had an *Employment Agreement* with B&B in an e-mail to Barton Craig from Michael Brown dated on or about December 5, 2004. LGC&D did not receive a copy of said *Employment Agreement* until some time after that date. Defendant denies the remaining allegations contained in paragraph 33 of the Complaint.

34. Defendant LGC&D denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant LGC&D admits that it and Defendant Craig continue to render services to Granite Telecom. Defendant LGC&D denies the remaining allegations contained in paragraph 35 of the Complaint.

36. Defendant LGC&D responds that the allegations of paragraph 36 of the Complaint purport to characterize and/or quote provisions of the Employment Agreement and that said Employment Agreement speaks for itself.

## COUNT I

37. Defendant LGC&D incorporates paragraphs one (1) through thirty-six (36) above as if fully set forth and realleged herein.

38. Defendant LGC&D responds that the allegations of paragraph 38 of the Complaint purport to characterize and/or quote provisions of the Employment Agreement and that said Employment Agreement speaks for itself.

39. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40. Defendant LGC&D denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant LGC&D denies the allegations contained in paragraph 41 of the Complaint.

## COUNT II

42. Defendant LGC&D incorporates paragraphs one (1) through forty-one (41) above as if fully set forth and realleged herein.

43. Defendant LGC&D admits the allegations contained in paragraph 43 of the Complaint.

44. Defendant LGC&D denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant LGC&D denies the allegations contained in paragraph 45 of the Complaint.

## COUNT III

46. Defendant LGC&D incorporates paragraphs one (1) through forty-six (46) above as if fully set forth and realleged herein.

47. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint.

48. Defendant LGC&D denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant LGC&D denies the allegations contained in paragraph 49 of the

Complaint.

50. Defendant LGC&D denies the allegations contained in paragraph 50 of the Complaint.

51. Defendant LGC&D denies the allegations contained in paragraph 51 of the Complaint.

## COUNT IV

52. Defendant LGC&D incorporates paragraphs one (1) through fifty-one (51) above as if fully set forth and realleged herein.

53. Defendant LGC&D responds that the allegations of paragraph 53 of the Complaint purport to characterize and/or quote provisions of the Employment Agreement and that said Employment Agreement speaks for itself.

54. Defendant LGC&D denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant LGC&D denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant LGC&D denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant LGC&D denies the allegations contained in paragraph 57 of the Complaint.

## COUNT IV

58. Defendant LGC&D incorporates paragraphs one (1) through fifty-seven (57) above as if fully set forth and realleged herein.

59. Defendant LGC&D is without knowledge and/or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60. Defendant LGC&D is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint.

61. Defendant LGC&D denies the allegations contained in paragraph 61 of the Complaint.

62. Defendant LGC&D denies the allegations contained in paragraph 62 of the Complaint.

63. Defendant LGC&D denies the allegations contained in paragraph 63 of the Complaint.

64. Defendant LGC&D denies the allegations contained in paragraph 64 of the Complaint.

WHEREFORE, Defendant LGC&D requests that judgment be entered in favor of Defendant LGC&D and against the Plaintiff, awarding Defendant LGC&D its costs and attorneys' fees incurred in this action as allowed by law, and such other relief as this Court may deem meet and just.

By its Attorneys,

// Signed Dennis R. Gannon //
DENNIS R. GANNON, BBO#184460
(dgannon@mandwlaw.com)
RICHARD W. MacADAMS, #1681
MacADAMS & WIECK INCORPORATED
101 Dyer Street, Suite 400
Providence, RI  02903
Telephone (401) 454-8700
Facsimile (401) 454-8755
Date: October 18, 2005

Not using

## **CERTIFICATION**

  I hereby certify that on the 18th day of October, 2005 a true copy of within Amended Answer to Complaint was served upon the attorney of record for each party electronically.

            //  Signed Dennis R. Gannon  //

w:\lefkowitz\barton craig\pleadings\amended answer to complaint (filed 101805).doc